# OSEN LLC
### ATTORNEYS AT LAW

2 University Plaza, Suite 201, Hackensack, NJ 07601
Telephone 201.265.6400  Facsimile 201.265.0303
www.osen.us

January 19, 2012

**VIA ECF AND FEDEX**

Honorable Nina Gershon
United States District Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Linde, et al. v. Arab Bank, PLC*, 04-CV-2799 (NG)(VVP) and all related cases

Dear Judge Gershon:

We write on Plaintiffs' behalf to respond briefly to Arab Bank's January 18, 2012 opposition to our request of even date for a conference to address Arab Bank's fact witness disclosure (the "Disclosure"), and also to respond to Defendant's criticisms of the four witnesses Plaintiffs disclosed to Defendant in our corresponding disclosure.[1]

As a threshold matter, to the extent the Court concludes that further briefing is required on this matter, Plaintiffs will, of course, provide a further submission. But this Court's Individual Practice Rules (IPR), specifically IPR 3.A, are designed to mitigate the need for unnecessary motion practice that drains the Court's and parties' time and resources. Mindful of the looming March 31, 2012 fact discovery cut-off date and Defendant's apparent desire to force Plaintiffs to depose eleven additional witnesses (eight of whom were struck only last month on Fed. R. Evid. 401 and 403 relevance and prejudice grounds by Your Honor), we respectfully reiterate our request that the Court provide further guidance in this matter on an expedited basis.

The practical – and apparently intended – effect of Defendant's Disclosure and its request for "full briefing" on this issue, is either to (once again) delay the pre-trial schedule, or to force Plaintiffs to schedule eleven additional depositions between now and March 31 (in addition to the five expert depositions already contemplated). Many of these deponents reside overseas, and their depositions will require no less than two days of testimony per witness because of foreign-language translation logistics. That poses precisely the sort of unfair burden that underscored this Court's decision, reflected in its December 6 Order, to address the relevancy of Defendant's putative case-in-chief experts before any of their depositions had occurred.

---

[1] Defined or abbreviated terms herein have the same scope and meaning as that set forth in Plaintiffs' January 18 letter.

Lastly, the Bank's effort to cast doubt on the four witnesses Plaintiffs disclosed in their disclosure is unavailing. With respect to Hassan Yousef, Defendant's <u>own</u> putative expert witness Professor Beverley Milton-Edwards cited Mr. Yousef's book in her rebuttal expert report, which Arab Bank filed with the Court on April 4, 2011. At page 6 of her rebuttal report, she states:

> Moreover, **in one of the most detailed first-hand accounts of Hamas's terrorist organization and activities written by the son of Hamas founder Hassan Yousef**, who worked as an informer for the Israeli security organization, Shin Bet, no mention is made, at any point, of the zakat committees and charitable institutions being used for the purposes outlined by Dr. Levitt and Mr. Spitzen. (Emphasis added.)

The relevancy and propriety of Mr. Yousef serving as a fact witness is thus self-evident.[2]

Accordingly, for these reasons and those set forth in Plaintiffs' January 18 letter, we respectfully request that the Court convene a conference at its earliest convenience, together with such other and further relief as Your Honor may deem appropriate.

Respectfully submitted,

Gary M. Osen

cc: All Counsel

---

[2] In addition, Defendant's effort (at n. 4 of its letter) to equate Mr. Hames' proposed testimony to that of putative Bank witness Brig. Gen. Paz is unconvincing. Mr. Hames can provide chain-of-custody testimony (including testimony describing the Israeli Civil Administration's data collection methods) relevant to Fed. R. Evid. 901 considerations (because authenticity is ultimately an issue for the fact-finder). In marked contrast to General Paz, Mr. Hames will not, however, present testimony describing the efficacy of Israeli counter-terrorism efforts, nor will he offer his "rational perceptions regarding the Bank, based upon his day-to-day work." Similarly, Dr. Shamir, as an eyewitness (especially one with specialized medical training) to one of the terrorist bombings included in the first trial, can offer testimony relevant to the question of whether a jury can conclude an attack qualifies as an act of international terrorism under 18 U.S.C. § 2331.